E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER H. TRAN (Cal. Bar No. 338940)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0758
     Facsimile: (213) 894-0141
     E-mail:    alexander.tran@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:19-cr-00764-DSF |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT ROBERTO CASTILLO |
| v. | |
| ROBERTO CASTILLO, aka "Shadow," | Hearing Date: November 15, 2023<br>Hearing Time: 8:30 a.m.<br>Location:    Courtroom of the<br>             Hon. Dale S. Fischer |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Alexander H. Tran, hereby files its Sentencing Position regarding defendant Roberto Castillo ("Sentencing Position").

//
//
//
//
//

This Sentencing Position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report ("PSR") (ECF No. 59), the United States Probation and Pretrial Services Office ("USPO")'s Recommendation Letter (ECF No. 58), and such further evidence and argument as the Court may permit.

Dated: 10/30/2023                    Respectfully submitted,

                                                 E. MARTIN ESTRADA
                                                 United States Attorney

                                                 MACK E. JENKINS
                                                 Assistant United States Attorney
                                                 Chief, Criminal Division

                                                   /s/ *Alexander H. Tran*
                                                 ALEXANDER H. TRAN
                                                 Assistant United States Attorney

                                                 Attorneys for Plaintiff
                                                 UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Roberto Castillo ("defendant") stands convicted of conspiring to distribute over a quarter-pound of methamphetamine. Based on the factors under 18 U.S.C. § 3553(a), and in conformity with the plea agreement, the government believes a sentence of 151 months' imprisonment, followed by a 5-year term of supervised release, is sufficient but not greater than necessary to provide just punishment for defendant's serious offense conduct, to promote respect for the law, to deter criminal conduct, and to protect the public from further crimes of the defendant.

**II.  STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Between May and October 2019, defendant coordinated the sale of over a quarter-pound of methamphetamine to a person he believed to be a drug customer, but who was, in fact, a confidential source working with law enforcement (the "CS"). (ECF No. 42, Plea Agreement ¶ 12; PSR ¶¶ 11-17.) Specifically, on May 10, 2019, defendant sold the CS 14.03 grams of pure methamphetamine out of a motel room in North Hills, California. (Plea Agreement ¶ 12; PSR ¶ 17.) About one month later, on June 4, 2019, defendant sold the CS 53 grams of pure methamphetamine. (Id.) Defendant delivered the methamphetamine to the CS at a predetermined location in Los Angeles County and accepted an additional $50 "delivery fee" from an undercover law enforcement agent during the delivery. (Id.) Finally, between July 24 and July 29, 2019, defendant coordinated the sale of 111.1 grams of pure methamphetamine to the CS, including by directing his co-defendant, Casandra Cachu, to deliver the methamphetamine to the CS at the same predetermined location as the June 2019 delivery. (Id.)

On December 17, 2019, the grand jury returned a four-count indictment charging defendant with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846, and three counts of distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(viii).  (ECF No. 1.)

On September 21, 2020, defendant pleaded guilty pursuant to a plea agreement to count one of the indictment: conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and 846.  (ECF Nos. 42, 46.)

On March 1, 2021, this Court sentenced defendant to 262 months' custody and ten years of supervised release.  In doing so, this Court agreed with the U.S. Probation and Pretrial Services Office's ("USPO") Pre-Sentence Report (PSR), which stated that Castillo's instant drug conspiracy conviction qualified as a "controlled substance offense" for purposes of the career offender adjustment.  (ECF No. 89, Sentencing Tr. at 17:12-14.)

On appeal, the Ninth Circuit vacated defendant's sentence and remanded this case for resentencing.  (ECF No. 107, at 34.)  The Ninth Circuit concluded that the "Sentencing Guidelines' definition of 'controlled substance offense' for career offender enhancements currently does not include inchoate crimes like conspiracies, although the commentary extends the definition to such crimes."  (Id. at 12 (citing U.S.S.G. § 4B1.2(b), note 1).)  Thus, applying the U.S. Supreme Court's precedent in Kisor v. Wilkie, 139 S. Ct. 2400 (2019), the Ninth Circuit concluded that defendant's instant "conspiracy conviction does not qualify as a 'controlled substance offense' under U.S.S.G. § 4B1.2(b)."  (Id.)

**III. SENTENCING GUIDELINES CALCULATIONS**

At defendant's original sentencing, the USPO correctly calculated defendant's base offense level to be 32 based on the 178.13 grams of pure methamphetamine involved in defendant's offense. (ECF No. 59, PSR ¶ 26; ECF No. 42, Plea Agreement ¶ 12); see U.S.S.G. §§ 2D1.1(a)(5), (c)(4). However, the USPO also concluded that defendant was a career offender under U.S.S.G. § 4B1.1. (PSR ¶¶ 33, 35, 46, 50.)

Following the Ninth Circuit's decision in this matter, the "career offender" enhancement under U.S.S.G. § 4B1.1 is no longer applicable because defendant's instant drug conspiracy conviction is not a "controlled substance offense" for purposes of the career offender enhancement. Accordingly, the career offender enhancement is no longer applicable and defendant's offense level is 32. With a three-level reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1(a)-(b), defendant's total offense level is 29.

The government agrees with the USPO's original calculation of defendant's criminal history category of VI based on his criminal history score of 31. (PSR ¶¶ 55-57.) In light of the revised sentencing Guidelines calculation, a total offense level of 29 and criminal history category of VI, the applicable Guidelines range is 151 to 188 months' imprisonment.

**IV.   GOVERNMENT'S SENTENCING RECOMMENDATION**

The government recommends, pursuant to the plea agreement, that the Court sentence defendant to 151 months' imprisonment, the low-end of the applicable Guidelines range, followed by a mandatory five-year term of supervised release.

1    To the extent defendant requests a sentence below the applicable
2 Guidelines range, the Court should reject that request based on
3 defendant's personal characteristics and the need for specific
4 deterrence.  Since 2001, Defendant has incurred 11 criminal
5 convictions.  (PSR ¶¶ 44-54.)  His criminal record demonstrates that
6 he is undeterred by substantial sentences for drug-related offenses.
7 (Id. ¶¶ 46, 50-52.)  In addition, notwithstanding his prohibited
8 status and prior firearm convictions, defendant continued to carry
9 loaded firearms, further underscoring the danger that he presents to
10 the public.  (Id. ¶¶ 40, 45, 51, 54.)  A sentence of 151 months'
11 imprisonment (but no higher) is sufficient but not greater than
12 necessary to promote respect for the law, to deter future criminal
13 conduct, and to protect the public from further crimes of the
14 defendant.

**V.   CONCLUSION**

   For the foregoing reasons, the government respectfully requests
that this Court impose the following sentence: 151 months'
imprisonment, a mandatory five-year period of supervised release, and
a mandatory $100 special assessment.

4